Judge Tucker.
The defendant in the District Court obtained a rule to shew why the judgment and proceedings in the office should not be set aside, and the sheriff’s return on the capias against him be quashed, because the arrest was made by the sheriff of Orange, after the first day of the term to which the writ was returnable ; the Court set aside the judgment and all other proceedings in the office, subsequent to the capias, and quashed the writ and the sheriff’s return thereupon : from which judgment the plaintiff appealed.
The District Court Law (ed. 1794, c. 66. s. 21.) directs, that all writs shall be returnable to the next Court. But the 25th section declares, that the first day after the end of the Court to -which the process is returnable, shall be the appearance day, in all process returnable to any day of the Court next preceding. In the 26th section, the sheriff is required to return the writ, and a copy of the bail-bond, to the elerFs office, before the day of appearance. In the County Court Law, (Ibid. c. 67. s. 17.) it is directed, that all process issuing from such Courts to bring any person to answer in any suit therein, shall be executed three days at least before the day therein men *214 tioned for the return thereof. But there is no such prevision in the District Court Law. Nor can I discover any good reason, why a sheriff should be inhibited from. . executing a process to him directed, for ten, twelve, or even fifteen days, before the appearance day prescribed by law, if he have any opportunity of doing it. He must take eare, when he does execute it, that the day of appearance be not yet arrived, because he is bound to return it to the office bepore tiie appearance day. If he does so, it must of necessity be executed either before the term begins, or before it has ended, which I think is all the law requires.
The 18th section of the County Court Law, and the 23d of the District Court, which in certain cases prescribe a summons in lieu of a capias, throws some further light upon the subject. For in both cases it requires the summons to have been executed, or a copy left, ten days before the return day, although, according to the general directions concerning writs and summonses, it must be made returnable to the next Court. And if the defendant do not appear at the return day, the plaintiff may proceed against him as if he had been taken upon a capias. Where a term is more than ten days (as many were) even this process against persons privileged from arrests, might be executed after the commencement of the term, which appears to put the question out of all doubt.
But were it otherwise, I think the judgment was erroneous in quashing the writ as well as the return; and this for two reasons: first, because the writ itself is not alleged to have been vitious or defective, and therefore not liable, for any intrinsic cause therein apparent, to be quashed ; and, consequently, not for any irregularity in the service thereof. Secondly, because, by the terms of the rule, the plaintiff was not required to shew cause why the writ should not be quashed, but why the return thereon should not. The judgment therefore goes beyond the rule, and ought to be set aside,
*215 I am of opinion that the judgment be reversed, and the cause remanded to the District Court, there to be proceeded on in the same manner as if the Court, on the hearing of the arguments on the rule to shew cause, had then discharged the rule, the record before this Court being too imperfect to give more particular instructions respecting the course which the District Court ought to have pursued.
Judge Roane.
By the act of 1753, reducing into one the several acts relating to the General Court,(a) several . , , particular return days are expressly provided lor process, both on the Common Law and Chancery sides of that Court. By the act of 1777, c. 17. establishing a General Court, two several return days in each term are also expressly provided for its process.(b) By the act of the same session, establishing a High Court of Chancery,(c) two return days are expressly established in each term; and the same provision is expressly kept up in the act of 1792, concerning the High Court of Chancery.(d) By the act of 1792, reducing into one the several acts concerning the General Court, the first day of the Court is expressly provided as the return day for its process.(e) The other return day, provided by the act of 1777 before mentioned, is dropped in this act, not only on account of the different organisation which the General Court had now assumed, but also because it became the less necessary, from the reduced length of the sessions of the General Court. And by the 9th section of the County Court Law of 1792,(f) the. first day of the term is expressly made the return day in relation to all process made returnable to the quarterly sessions.
I may therefore take it as a general principle, running through all our laws, as well those now in force as those which have been altered or repealed, and, taken in relation to all the Courts, superior and inferior, and those having Chancery as well as Common Law jurisdiction, that particular return days have been expressly provided for their *216 process. There is also a peculiar propriety and fitness in this; especially in relation to those Courts, and those cases, as to which it is provided, that a certain number of days shall elapse between the execution and return of the process ; for otherwise, the sheriff or officer would have no criterion whereby to govern himself in the service thereof.
In the case before us, however, of process issuing from the office of the District Court, a particular return day is not expressly provided by the terms of the act. It remains to be seen, therefore, whether, from a sound construction of the act taken in all its parts, and on a review of all our acts in pari materia, the want of this expression is not entirely supplied.
In making this construction it is undoubtedly a circumstance of great importance, that it has been the uniform policy of all our acts on this subject, except the present act and one other, to provide by express words proper return days for the process of the respective Courts. There can be no reason why a diversity should exist in this particular, in relation to the process of the District Courts. It will be also a circumstance of overruling weight, if, in other acts relating to this subject, expressions entirely similar to those existing in the case before us, have been expounded by the Legislature itself, beyond all contradiction, at the same time, and in the same acts, in a sense restricted to a particular return day. It will presently be seen, from Blackstone's Commentaries, that it is incidental to a return, that it be to some day within the term.
Such is the fact. By the act of 1740, for establishing the County Courts,(a) it is provided, that all process in the County Courts shall be returnable to “ the next suc- “ ceeding Court,” and shall be executed three days at least u before the day mentioned therein for the return thereof,” and if any process be taken out within three days “ before “ the next Court day,” it shall be returnable to the next. Court, and not otherwise.
*217 in this case, the general expression, “ the next succeeding Court,” in relation to the return of process, is expounded by the Legislature in the same section, to mean die “ next Court day,” or the first day of the next Court. It was so expounded from the general necessity of having some particular return day, as evinced by die whole system of our acts as aforesaid, and, in particular, in this case, because otherwise the sheriff would have no certain criterion to go by, in relation to the three days provided to intervene between the execution and return of the process. The same provision, precisely, as to the return of process made returnable to the monthly sessions of the County Courts by the 9th section of the County Court Law of 1792,(a) is interpreted by the Legislature in precisely the same manner in the same act, section 17.(b)
These two cases of a legislative construction at the same time, and in the same acts, upon a provision entirely analogous and similar to the one before us, are decisive of the point in question; especially if, as I shall endeavour to shew, the same reason exists in this case for a similar construction, and the Legislature has also shewn its sense, ^though, periiaps, in expressions not quite so strong,) that the provision in question should be restricted to a particular day.
In the act in question, the process in the District Courts is made returnable to “ the next Court.”(c) There is certainly no difference between this expression and that of the ‘‘ next succeeding Court,” as mentioned in the County Court acts aforesaid. The exception too, in this clause, that subpanas for witnesses may be made returnable to any day in the term, seems, by contradistinction, to import, that other process is to be returnable on some day of the term, and not, as is argued, to the term generally. As it is a general rule of construction, that an expression expounded in a particular sense in one part of an act or system of acts, shall have the same meaning, in general, in, another; the foregoing legislative exposition in relation to *218 the return days in the County Courts, would seem to settle the construction in the present case. But that is not all. By the 23d section of the District Court act,(a) it is provided, that, in suits to be commenced against a Governor, Counsellors, Judges, &c. a summons shall issue, instead of a capias, requiring the defendant to appear and answer the same “ on the proper return day in the next District “ Court,” and that, in the case of a copy left, ten days shall intervene between that service and the “ return day A Thus we find the Legislature itself expounding in the same act the before-mentioned general expression, “ the “ next Court,” to mean a proper return day, and again to mean “ a return, day j” and unless a return day be fixed by such construction, it is impossible for the sheriff to govern himself in relation to the ten days provided to elapse as aforesaid. In construing what day of the term is to be considered as the proper return day, we must undoubtedly fix on the first day ; not only by analogy to the foregoing exposition in relation to the County Courts ; not only because this day is the only one which will give the sheriíf a certain criterion as aforesaid, but also because, in truth, this is the only day on which it is known with certainty that the District Court will be in session; for, although a limited number of days was provided by law for the sessions of the District Courts, the said Courts were, by the terms of the act, only to sit so long “ if business required itA(b) One day, therefore, was the most .that a District Court was compellable to sit under all circumstances ; under the circumstances that the business of the Court did not require a longer session. Unless we adopt this construction, the consequence will be, that the service of a summons in the case just mentioned, in relation to the intervention of ten days, will be legal or illegal, not as at the actual time of the service thereof, but be rendered so by matter ex post facto, according as the business depending in the District Courts may require them to sit a longer or a shorter time.
Again, it has been said, that the appearance day (that is, the day after the rising of the District Court) shall be *219 taken to be the return dav, and that a service before that day, that is, at any time during the term, shall be sufficient.(1) Several answers occur to this idea: 1st. As this appearance day depends on the actual rising of the ■w-.. . t . .... JJistnct Court, tne same uncertainly exists in relation to it. as is before mentioned in respect of the last day of the term, and the same consequences ensue in relation to the ten days provided in the case of the service of certain process. 2dly. Writs are made returnable by the very words of the act, (section 21.) “ to the next Court,” and not to a day after the rising of the next Court; and, 3dly. The 23c! section of the District Court Law before mentioned, not only restricts the general provision con» tained in the 21st section to mean a particular or “ proper return day,” but also that return day is to be “ in the “ next District Court Y whereas the pretension 1 am now considering, purports to assign, as the return day, a day after the expiration of the te,rm of the District Court.
In confirmation of this idea, that the return day of writs and process must fall within a term of the Courts, we are told in 2 Bl. 275. that the day on which the defendant is ordered to appear in CotrsT, and on which the sheriff is to bring in the writ, and report how far he has obeyed it, is called the return of the writ, it being then returned by-him to the King’s Justices at Westminster; and that it is always returnable at the distance of at least fifteen days from the date or teste, in order that parties may have time to come up to Westminster from all parts of the kingdom, and “ upon some day in one of the four terms” in which the Court sits for the despatch of business. This principle and provision of the law' of England undoubtedly gave rise to that uniform symmetry and consistency in all our acts on this subject, (except as before excepted,) which I have already endeavoured to particularize; and conies in aid of our legislative system aforesaid, in supporting the construction I contend for.
*220 On all these several grounds, therefore, I am of opinion, that the first day of the succeeding District Court was (in the language of the Legislature itself, in the 23d section of the same act as aforesaid) “ the proper return day” of process issuing from the office of such Court, and therefore the service in question was irregular and illegal.
With respect to inconvenience: When the General Court formerly continued for twenty-four days, the inconvenience arising from this construction might have been considerable; and therefore the Legislature provided a remedy therefor by enacting, that the twenty-third day of the term should also be a return day, before which, during the term, process might be executed: but when, by the establishment of the District Courts, the stated terms were much reduced in length under any circumstances, and also made to depend upon the actual quantity of business depending therein as aforesaid, the inconvenience was consequently much diminished; and this, although the second return day provided in the old General Court Law, was dropped, both in the new General Court Act, and that establishing the District Courts.
With respect to taking advantage of this irregularity, the case of Williams v. Campbell,(a) in an analogous case, is a direct authority in favour of the judgment of the District Court. As this irregularity appears upon the face of the return itself, taken in connexion with the proper return day, as resulting from the construction of the general law on this subject, there is no necessity to put the party to plead the matter in abatement. The return of the sheriff, therefore, was rightly quashed, on motion, for the reasons above assigned, it seems immaterial whether the writ should also.be quashed, or noi, because after the return day it no longer had any force, but had expired, and an. alias ought to have issued. I shall not therefore say, that the Disrrict Court erred in quashing a writ, which was already quashed in effect by the law, (and therefore their judgment, as to it, was, at most, a mere act of supereroga *221 t'íon ) but am of opinion, upon the whole, to affirm the judgment of the District Court.
Judge Fleming.
By the District Court Law, the Judges of the Court of Appeals were to direct the forms of writs, from time to time, and to assimilate them, as near as may be, to those then used in the General Court. By the act of 1777, establishing a General Court, ail process at common law (except subpoenas for witnesses) were made returnable to the eighth and twenty-third days of the Court, conformably to the law and usage of the General Court, under the regal government.
By ¡he 21st section of the District Court Law, all writs, and other ieg.il process, (except (mbptsnas for witnesses,} shall be rc uicnable to the next Court to be holden for the. District, conformably to which, the Court of Appeals, in the time of Mr. Pendleton’s presidency, formed the writs, (one of which is now before me,) and no particular clay of the c.ourt mentioned, for the return thereof; from whence I conclude, from analogy to < ases hereafter to be noticed, that the writ mignt well be executed after the first day of the term to which it was returnable, provided the return was made during the sitting of the Court; and it seems analogous to the case of Detv, appointed Clerk of the District Court of the Sweet Springs; who, by the unanimous opinion of this Court, ought to have been allowed the whole term to give the security required by law for the due and faithful performance of his duty. (1)
*222 By the 26th section of the District Court Law; 11 In all u actions of debt, &c. the true species of action shall be “ endorsed on the writ, and that appearance bail is to be “ required, the sheriff shall return on the writ the name of w ^e bail by him taken, and a copy of the bail-bond, to the “ clerk’s office, before the day of appearance.”
Section 25. Where no bail is required, the sheriff may take the engagement of an attorney practising in the District Court endorsed on the writ, that he will appear for the defendant or defendants, and such appearance shall be entered with the clerk, in the office, on the first day after the end of the Court to which such process is returnable.
Section 35. Rules shall be held monthly in the clerk’s office of each District, “ beginning the day after the rising “ of each Court,” which is the appearance day in all suite instituted in such Court.
By the act to reduce into one the several acts concerning the County and other inferior Courts, passed in December, 1792, it is enacted, section 9. that all process, &c. shall be returnable to the frst day of the next quarterly term; and in section 17. all such process shall be executed three days at least before the day therein mentioned for the return thereof.
By the County Court Law of 1748, noticed by the Judge who last delivered his opinion, pleadings and other proceedings, to cany causes to issue, were had in open Court, and not at rules held in the office ; and the first business done (after hearing motions) was uniformly proceedings on what was called the appearance docket, or a roll of new causes, when appearances were entered, imparlances taken, &c. which continued to be the practice until the act of 1785, u for reforming the County Courts/’ and therefore the return day, though not particularly mentioned, was properly judged to be the first day of the Court.
We have already seen, that, both by the act of 1753, for establishing the General Court, under the regal government, and by our act of 1777, establishing a General *223 Court, all civil process, at common law, were made returnable to the eighth and twenty-third days of those Courts respectively. And under both those laws, all such directed by law. process might be executed at any time before the return day thereof except in such cases wherein it is otherwise
From analogy, then, I conceive, that as there is no specific day mentioned for the return of writs to the District Courts, which were by law to continue twelve days, unless the business before them be sooner finished; and the appearance days were to succeed the rising of such Courts, the writ now before us might well have been executed after the first day of the term to which it was returnable: it is therefore the opinion of a majority of this Court, that the judgment of the District Court be reversed, and the cause remanded to the superior County Court of Spotsylvania., and put in the same state as if the rule of the District Court to shew cause, had been discharged.
By a majority of the Court, the judgment of the District Court REVERSE».

 Virginia Laws, (ed. of 1769,) p. 294.

 Ch. Rev. 70.

 Ib. c. 15. p. 67.

 1 Rev. Code. p. 63.

 Ib. 71.

 Ib. 85.

 Edit. of 1762 p. l70.

 1 Rev. Code, p. 85.

 Ib. 86.

 1 Rev. Code, 77. s. 21.

 1 Rev. Code, 77.

 l Rev. Code,73. s. 1.

 See Tuck. Bl. vol. 3. p. 275. note 6,

 1 Wash. 153.

 Note by Judge Fleming.
By the act of 1792, c. 66. s. 13. after directing certain oaths to be taken by every person appointed clerk, it is further enacted, that “ he shall thenceforth be enabled to execute the duties of his office, which oaths may be taken by the clerks respectively, before any “ Court of Record in the Commonwealth, and a certificate thereof “ shall be entered of record in his district, wherein, at the first session “ after his appointment, he shall moreover enter into bond, with suffi- “ cient security, &c. for the faithful performance of his duty.”